UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BANK OF AMERICA, a national banking association, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:13-CV-0585-G |
| BERRINGER HARVARD LAKE TAHOE, a Nevada limited liability company, ET AL., | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants Behringer Harvard Lake Tahoe, a Nevada limited liability company, Behringer Harvard Strategic Opportunity Fund I, LP, a Texas limited partnership, and Behringer Harvard Strategic Opportunity Fund II, LP, a Texas limited partnership, to transfer this case or, in the alternative, to stay or dismiss without prejudice ("Motion to Transfer") (docket entry 14). For the reasons set forth below, the defendants' motion to transfer is granted.

### I. BACKGROUND

This case involves claims of breach of contract, *quantum meruit*, and unjust enrichment. Plaintiff's Original Complaint ("Complaint") ¶¶ 28-41 (docket entry 1).

On March 2, 2007, Behringer Harvard Lake Tahoe, LLC ("borrower") executed a Deed of Trust Note ("note") in favor of Bank of America, National Association, N.A., ("plaintiff") to finance the purchase and development of certain real estate ("the property") with Behringer Harvard Strategic Opportunity Fund I, LP and Behringer Harvard Strategic Opportunity Fund II, LP ("guarantors"; together with borrower, "defendants") as guarantors. *Id.* ¶¶ 8-11.

On June 15, 2011, the plaintiff sent a written demand, pursuant to the note, that the borrower make a principal payment on the loan within ten days. *Id.* ¶ 16. On July 5, 2011, following the borrower's failure to make this payment, the plaintiff gave the borrower notice of default on the loan. *Id*. ¶¶ 17-18.  Thereafter, the borrower failed to make monthly payments and late charge payments in July, August, and September of 2011, which constituted further defaults on the loan. *Id.* ¶ 19. Following these defaults, the plaintiff foreclosed its lien and sold the property on March 28, 2012, crediting the proceeds of the sale toward the outstanding principal amount of the loan. *Id*. ¶ 24.

On January 4, 2013, the borrower filed a declaratory judgment action in a Nevada state court, alleging breach of contract and tortious interference with prospective business relations. *See* Exhibit C1 at APP 335-36, 341 (docket entry 15-6).  On February 5, 2013, that case was removed to the United States District Court for the District of Nevada ("Nevada action"). *Id.* at APP 338.  On February 4, 2013,

the plaintiff filed this action against the defendants in the Northern District of Texas ("Dallas action").

## II. ANALYSIS

### A. Legal Standard

"The federal courts long have recognized that the principle of comity requires federal district courts -- courts of coordinate jurisdiction and equal rank -- to exercise care to avoid interference with each other's affairs." *West Gulf Maritime Association v. ILA Deep Sea Local 24, South Atlantic and Gulf Coast District of the ILA; AFL-CIO*, 751 F.2d 721, 728 (5th Cir. 1985) (citing *Kerotest Manufacturing Company v. C-O-Two Fire Equipment Company*, 342 U.S. 180 (1952)). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.* at 729.

In order to avoid these issues, when substantially related cases are pending before two federal courts, "the court initially seized of a controversy should be the one to decide whether it will try the case." *Mann Manufacturing, Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971) (discussing the so-called "first-to-file" rule). The first-to-file rule provides that once it is shown that there is "substantial overlap" between two cases, *id.* at 408, the court in which the case is first-filed decides which of the two cases should proceed. See *Cadle Company v. Whataburger of Alice, Inc.*, 174

F.3d 599, 605-06 (5th Cir. 1999); *Save Power Limited v. Syntek Finance Corporation*, 121 F.3d 947, 950 (5th Cir. 1997). If a district court finds that issues between two cases "might substantially overlap, the proper course of action [is] for the court to transfer the case." *Cadle Company*, 174 F.3d at 606.

However, when "compelling circumstances" exist, the first-filed court may disregard the first-to-file rule. See *Mann Manufacturing*, 439 F.2d at 407. Compelling circumstances exist "where a court determines that a party engaged in bad faith conduct, by inducing an opposing party to delay filing of a lawsuit, so that he could file a preemptive lawsuit." *Chapa v. Mitchell*, No. A-05-CV-769-JN, 2005 WL 2978396, at *2 (W.D. Tex. Nov. 4, 2005) (internal citations omitted).

### B. Application

The court first must determine if substantial overlap exists between the two filed actions. See *Cadle Company*, 174 F.3d at 605-06. The defendants argue that there is substantial overlap between the Nevada action and the Dallas action. *See* Motion to Transfer at 7. The defendants contend that both actions focus largely on whether or not the borrower has defaulted under the note. See *id*. More specifically, each action centers on whether the plaintiff properly followed the procedures delineated in the note regarding foreclosure of the lien on the property, and the amount from the foreclosure that the borrower was entitled to have credited on its indebtedness. *See id*. at 10-12. In sum, the defendants contend that the actions

would be "mirror images of one another, with each . . . requiring separate rulings" on the same issues. *Id.* at 12.

The plaintiff does not argue that the two actions will not have "substantial overlap." Plaintiff Bank of America, N.A.'s Response Opposed to Defendant's (sic) Motion to Transfer in Favor of Prior Pending Lawsuit, or, in the Alternative, to Stay or Dismiss without Prejudice ("Response") (docket entry 20). At most, the plaintiff notes that the "Guarantors are not parties to the Nevada Action." *Id.* at 6. This, however, is not a bar to transfer under the first-to-file rule because "[c]omplete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action." *Save Power*, 121 F.3d at 951 (citing *West Gulf Maritime Association*, 751 F.2d 731 n.5). For these reasons, the court concludes that the two actions have substantial overlap.

It is arguable that the Dallas action, and not the Nevada action, is the first-filed case because the Nevada action was removed from state court a day after the Dallas action was filed. However, "[t]he Court considers the date of filing in state court to be the relevant benchmark [for determining which suit was first-filed because] . . . a district court takes the case as it finds it when it is removed from the state court." *Igloo Products Corporation v. The Mounties, Inc.*, 735 F. Supp. 214, 217 (S.D. Tex. 1990) (citing *Federal Deposit Insurance Corporation v. Taylor*, 727 F. Supp. 326, 329 (S.D. Tex. 1989)); *Manufacturers Hanover Trust Company v. Palmer*

*Corporation*, 798 F. Supp. 161, 166 (S.D. N.Y. 1992).  In consequence, the date the action was filed in the Nevada state court, rather than the date the action was removed to the District of Nevada (*i.e.*, January 4, 2013, rather than February 5 2013), is used to determine which action was first-filed for purposes of the first-to-file rule.  This means that the Nevada action is the first-filed action.

The plaintiff argues that this action falls within an exception to the first-to-file rule.  Response at 4-6.  As previously noted, when there are "compelling circumstances," the court may disregard the first-to-file rule.  See *Mann Manufacturing*, 439 F.2d at 407; *909 Corporation v. Village of Bolingbrook Police Pension Fund*, 741 F. Supp. 1290, 1292-93 (S.D. Tex. 1990).  The plaintiff contends that instances such as this one, when the first-filed action is an "anticipatory, declaratory judgment action" made with knowledge of the second-filed plaintiff's attempts to resolve a dispute outside of the courthouse, constitute compelling circumstances which allow for the court to ignore the first-to-file rule.  Response at 4-6; see *Mill Creek Press, Inc. v. The Thomas Kinkade Company*, No. Civ. A. 3:04-CV-1213-G, 2004 WL 2607987, at *5-6, 11(N.D. Tex. Nov. 16, 2004) (Fish, Chief J.); *909 Corporation*, 741 F. Supp. at 1292-93.

The plaintiff argues that just as the first-filed action in *909 Corporation* was dismissed in favor of the second-filed action, the first-filed Nevada action should be dismissed, and the motion to transfer should be denied in favor of the second-filed

Dallas action. Response at 5-6. This interpretation of the case law, however, is mistaken. In each of these cases, it is the court in which the case was first-filed that dismissed the case on account of "compelling circumstances." See *id*. Despite the fact that "the Fifth Circuit and this Court generally disallow the use of a declaratory judgment action to establish venue, it is the *court of first filing* that makes such a determination." *Lear Siegler Services v. Ensil International Corporation*, No. Civ. A. SA-05- CA-0679-XR, 2005 WL 2645008, at *2 (W.D. Tex. Sept. 20, 2005) (citing *Granite State Insurance Company v. Tandy Corporation*, 986 F.2d 94, 96 (5th Cir. 1992), *cert. dism'd*, 507 U.S. 1026 (1993); *Kinetic Concepts, Inc. v. Connetics Corporation*, No. Civ. A. SA-04-CA-0237-OR, 2004 WL 2026812, at *3 (W.D. Tex. Sept. 8, 2004)) (emphasis added). This court, the second-filed court, may not consider whether this is an exception to the first-to-file rule or if some other factors make the Northern District of Texas a more appropriate forum to try this case than the District of Nevada; it is for the first-filed court, the District of Nevada, to make that determination.

The plaintiff alternatively argues that by granting the defendants' motion to transfer, the court would be "re-writing the parties' agreements." Response at 6. The plaintiff argues that the terms of the agreements it entered into with the defendants waive any rights the defendants may have to challenge the plaintiff's choice of forum. *Id.* at 6-7. Hence, the plaintiff reasons, the Northern District of Texas is the proper

forum to hear this action, and the motion to transfer should be dismissed. This argument, however, is preempted by the first-to-file rule. Even if the plaintiff is correct, the issue of whether the forum-selection clause binds the parties does not need to be addressed by the court in the second-filed action. See *Needbasedapps, LLC v. Robbins Research International, Inc.*, No. SA:12-CV-00291-DAE, 2013 WL 670773, at *8 (W.D. Tex. Feb. 20, 2013).

### III.  CONCLUSION

For the reasons stated above, the defendants' motion to transfer is **GRANTED**, and this case is hereby **TRANSFERRED** to the **United States District Court for the District of Nevada** for possible consolidation or coordination with *Behringer Harvard Lake Tahoe v. Bank of America, N.A.*, No. 3:13-CV-0057-RCJ-VPC presently pending in that court.

**SO ORDERED**.

June 12, 2013.

*/s/ A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**